# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50592-4-II |
| Respondent, | |
| v. | |
| LEVAR DEMETRIUS COUCH, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, A.C.J. — Levar Demetrius Couch appeals the trial court's imposition of various discretionary legal financial obligations (LFOs), a criminal filing fee, and an interest accrual provision following his guilty plea convictions in three separate judgments and sentences. Couch argues that (1) the trial court failed to engage in an adequate, individualized inquiry as to his ability to pay before imposing the discretionary LFOs, and (2) the $200 criminal filing fee and the interest accrual provision should be stricken under *State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018).

Because the record does not show whether the trial court found Couch indigent under RCW 10.101.010(3)(a) through (c) or under subsection (d), we remand to the trial court to determine the basis of Couch's indigency and to then reconsider the imposition of discretionary costs under RCW 10.01.160(3) and the filing fee under RCW 36.18.020(2)(h). And because RCW 10.82.090(1) prohibits the accrual of interest on non-restitution LFOs, we remand for the trial court to strike the interest accrual provisions to the extent they apply to non-restitution LFOs and amend the judgments and sentences for counts I and III accordingly.

FACTS

Couch pleaded guilty to attempted eluding, second degree driving with a suspended license, and driving under the influence. At the sentencing hearing, the State requested that the trial court impose various LFOs, including "$200 cost," $500 for Department of Assigned Counsel recoupment, "DUI fines and costs of $2895.50," and "DUI recovery costs of $124.04." Verbatim Report of Proceedings (VRP) at 2-3.

Prior to imposing the LFOs, the trial court noted that Couch was 32 years old and inquired into his employment history and education. Couch told the trial court that before his arrest he had worked at a department store selling women's shoes for a year and a half and that he had attended school through the 12th grade.

On June 15, 2017, the trial court entered three separate judgments and sentences, one for each conviction. In the judgments and sentences, the trial court imposed (1) a $500 crime victim assessment, (2) a $100 DNA database fee,[1] (3) $500 in costs related to the court appointed attorney and defense costs, (4) a $200 criminal filing fee, (5) a $2,895.50 "[f]ine" related to the driving under the influence conviction, and (6) $124.04 in "[e]mergency [r]esponse [c]osts to Washington State Patrol." Clerk's Papers (CP) at 27, 36, 38. In the judgment and sentences for counts I and III, the trial court also ordered that interest on all "the financial obligations" would start to accrue from the date of the judgment. CP at 28, 41.

---

[1] This was Couch's first felony offense.

After sentencing, the trial court signed an order of indigency for purposes of the appeal. This order did not specify the basis of Couch's indigency. Couch appeals the LFOs and the interest provisions in the three judgments and sentences.

ANALYSIS

Couch argues that the trial court failed to engage in an adequate, individualized inquiry as to his ability to pay before imposing the discretionary LFOs as required under RCW 10.01.160(3) and *State v. Blazina*, 182 Wn.2d 827, 838, 344 P.3d 680 (2015). He also argues that the criminal filing fee is no longer permitted under RCW 36.18.020(2)(h) because he is indigent.

RCW 10.01.160(3) now prohibits the trial court from imposing discretionary costs on a defendant "if the defendant at the time of sentencing is indigent as defined in RCW 10.101.010(3)(a) through (c)."[2] If Couch is indigent under RCW 10.101.010(3)(a) through (c), the trial court is not required to conduct the inquiry required by *Blazina* before imposing these costs. *Ramirez*, 191 Wn.2d at 747-48. And RCW 36.18.020(2)(h) prohibits the imposition of the criminal filing fee if the defendant is indigent as defined by RCW 10.101.010(3)(a) through (c).

Because the appellate record does not disclose the basis of Couch's indigence, we remand for the trial court to determine whether Couch is indigent under RCW 10.101.010(3)(a) through (c). If he is, then the trial court should strike all discretionary costs and the criminal filing fee. If he is indigent under RCW 10.101.010(3)(d), the trial court should "take account of the financial

---

[2] The current versions of RCW 10.01.160(3) and RCW 36.18.020 apply to Couch because his appeal was not final when the amendments to these statutes took effect. *Ramirez*, 191 Wn.2d at 749.

resources of the defendant and the nature of the burden that payment of costs will impose" before reimposing the costs. RCW 10.01.160(3).

Couch further argues that under RCW 10.82.090(1), the interest accrual provision should be struck from his judgments and sentences for counts I and III.[3] As the State concedes, Couch is correct. RCW 10.82.090(1) prohibits interest accrual on non-restitution LFOs, regardless of a defendant's indigency. Accordingly, on remand the trial court should strike the interest provisions from the judgments and sentences for counts I and III.

## CONCLUSION

Because the record does not show whether the trial court found Couch indigent under RCW 10.101.010(3)(a) through (c) or under subsection (d), we remand to the trial court to determine the basis of Couch's indigency and to then reconsider the imposition of discretionary costs under RCW 10.01.160(3) and the filing fee under RCW 36.18.020(2)(h). And because RCW 10.82.090(1) prohibits the accrual of interest on non-restitution LFOs, we remand for the trial court to strike the interest accrual provisions to the extent they apply to non-restitution LFOs and amend the judgments and sentences for counts I and III accordingly.

---

[3] RCW 10.82.090(1) applies to Couch. *Ramirez*, 191 Wn.2d at 749.

No. 50592-4-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_Sutton, A.C.J._
SUTTON, A.C.J.

We concur:

_Melnick, J._
MELNICK, J.

_Cruser, J._
CRUSER, J.

5